UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID WARTELL,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 24-cv-06171-LB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 7 |

### INTRODUCTION AND STATEMENT

The plaintiff David Wartell paid his federal tax obligation for tax year 2020 by mailing a $82,655 check to the IRS on December 13, 2021.[1] His January 7, 2022, statement showed that defendant Wells Fargo Bank debited his account for that amount. In July 2023, when applying for a personal loan, he learned that he had a past-due tax obligation for 2020, contacted the IRS, and sent it a copy of his check for payment of his tax obligation. The IRS told him in September 2023 that it never received the check.[2] Thereafter, he contacted Wells Fargo, which told him that someone "negotiated" the check at an ATM in San Mateo, California, in early 2022.[3] "At the time the Check

---

[1] Compl. – ECF No. 1 at 9 (¶ 7). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* (¶¶ 8–9).

[3] *Id.* (¶ 10).

was negotiated in 2022, [the plaintiff] was in contact with the Defendant regarding fraudulent activity in his account." Wells Fargo asked the plaintiff about the check, and the plaintiff confirmed that he had written a check to the U.S. Treasury for $82,655. Wells Fargo knew about fraudulent activity in the plaintiff's account and knew that the endorsement on the back of the check was illegible.[4] The plaintiff "had no reason to believe an unauthorized transaction had occurred" because his January 2022 statement "show[ed] that the full amount of the Check was withdrawn from his account."[5] Wells Fargo denied (1) the plaintiff's March 2024 claim for reimbursement, (2) the plaintiff's April 19, 2024, demand for reimbursement and payment of the IRS penalties (via letter on June 28, 2024), and (3) the plaintiff's subsequent July 10, 2024, demand for reimbursement (via email on July 12, 2024).[6] The plaintiff then sued Wells Fargo on July 31, 2024, in state court for violating Cal. Com. Code § 4401(a) by paying a check with a forged endorsement (claim one) and breach of its duty to its customers to act with reasonable care in its transactions (claim two).[7]

Wells Fargo Bank timely removed the case to federal court and moved to dismiss the claims as barred by the statute of limitations and the claim for negligence as barred in any event by the economic-loss doctrine because the parties' account agreement governs the parties' relationship.[8] The court denies the motion: issues regarding the statute of limitations are better addressed at summary judgment, and the plaintiff plausibly pleads a breach of duty implied in the parties' account agreement.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[4] *Id.* at 10 (¶ 11).

[5] *Id.* at 9 (¶ 7), 11 (¶ 17).

[6] *Id.* at 10 (¶¶ 12–14).

[7] *Id.* at 10–12 (¶¶ 15–20).

[8] Notice of Removal – ECF No. 1; Mot. – ECF No. 7. The parties do not dispute the court's diversity jurisdiction and consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 9, 10. The court held a hearing on October 31, 2024.

(2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the claim needs to be plausible, and not the facts themselves . . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. (cleaned up).

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

**ANALYSIS**

Wells Fargo moved to dismiss the case on the grounds that the entire case is barred by the statute of limitations and the claim for negligence is in any event barred by the economic-loss doctrine.[9] The court denies the motion: fact issues preclude a holding as a matter of law that the statute of limitations bars the claims, and the plaintiff pleads a breach of duty grounded in contract.

**1. Statute of Limitations**

The parties agree that the statute of limitations for paying a check with a forged authorization, in violation of Cal. Com. Code § 4401, is one year, and the statute of limitations for a claim of negligence is two years. Cal. Civ. Proc. Code § 340(c) (one-year statute of limitations for payment of a check with a forged authorization); Cal. Code Civ. Proc. § 339(1) (two-year statute of limitations for negligence).[10] Wells Fargo contends that the plaintiff should have discovered the fraudulent endorsement in January 2022, when the check posted to his account, which would render this lawsuit time barred.[11] The plaintiff counters that his causes of action did not accrue until September 2023, when he learned from the IRS that it had not received his check.[12] At the pleadings stage, the case is not barred by the statute of limitations.

Under state law, "[g]enerally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005) (cleaned up). The discovery rule is an exception to the accrual rule and postpones "accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* at 807.

> A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements." Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period. *Norgart* explained that by discussing the discovery rule in terms of a plaintiff's suspicion of "elements" of a cause of action, it was referring to the "generic" elements of

---

[9] Mot. – ECF No. 7 at 1–2.

[10] *Id.* at 5–6; Opp'n – ECF No. 12 at 3.

[11] Mot. – ECF No. 7 at 6.

[12] Opp'n – ECF No. 12 at 4.

> wrongdoing, causation, and harm. In so using the term "elements," we do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.

*Id.* (cleaned up). The plaintiff must establish that the discovery rule postpones the accrual of the claim: "to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id* at 808 (cleaned up). "[I]gnorance of the legal significance of known facts" does not delay accrual. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988).

Here, the plaintiff pleaded facts supporting the application of the discovery rule: his account statement showed that the check cleared, Wells Fargo knew at the time about potential fraudulent activity, and he did not learn about the fraud until September 2023.[13] Wells Fargo counters that the plaintiff "could have easily — but apparently did not — obtain a copy of his check" and could have done so through online banking.[14] This is a fact issue, particularly given that a check payable to the IRS negotiated at a cash machine was perhaps obvious only to Wells Fargo, not the plaintiff without — on Wells Fargo's argument — affirmative further inquiry. Statute-of-limitations issues that turn on fact disputes generally are better addressed at summary judgment, not through a motion to dismiss. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (a motion for summary judgment is the proper procedure to evaluate the expiration of the statute of limitations when the inquiry turns on disputed facts; the equitable-tolling doctrine generally is not amenable to resolution in a motion to dismiss under Rule 12(b)(6); "[i]n fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"); *Fox*, 35 Cal. 4th at 810 ("Resolution of the statute of

---

[13] Statement, supra (recounting the fact allegations); Opp'n – ECF No. 12 at 4 (making this argument).

[14] Reply – ECF No. 13 at 2 (referring to the January 7, 2022, account statement referenced in the complaint and observing that the account statement reflects that the plaintiff had online banking). If the account statement had been submitted, possibly the court could consider it under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

limitations issue is normally a question of fact."); *Valencia v. Volkswagen Grp. of Am. Inc*, 119 F. Supp. 3d 1130, 1141 (N.D. Cal. 2015) ("There are no hard and fast rules for determining what facts or circumstances will compel inquiry by the injured party and render him chargeable with knowledge. It is a question for the trier of fact." (quoting *United States Liab. Ins. Co. v. Haidinger–Hayes, Inc.*, 1 Cal. 3d 586, 597 (1970))); *Barnett v. Kapla*, No. 20-CV-03748-JCS, 2020 WL 6737381, at *8 (N.D. Cal. Sept. 28, 2020); *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 320 (2007) ("However, whenever reasonable minds can draw only one conclusion from the evidence, the question becomes one of law.") (cleaned up).

In sum, because the issue turns on fact issues, the court denies the motion to dismiss the claims as time barred and reserves the issue for summary judgment.

2. **Breach of Duty**

The next issue is whether the plaintiff can sue for a breach of duty when the parties' banking relationship is defined by the account agreement. Wells Fargo contends that the parties' relationship is governed only by their account agreement and that the claim thus is barred by the economic-loss rule, which requires a party to recover in contract for economic loss unless he can demonstrate a violation of some independent duty arising in tort.[15] *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)); *accord Rattagan v. Uber Techs., Inc.*, 19 F. 4th 1188, 1191 (9th Cir. 2021). The purpose of the rule is to prevent "the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter*, 34 Cal. 4th at 988. The plaintiff acknowledges that a bank has limited duties to its customers, and the bank/customer relationship is contractual, but he contends a bank nonetheless has a duty to act with reasonable care in its transactions with its depositors.[16]

The parties seemingly do not disagree that a bank can be liable under the UCC — here, Cal. Com. Code § 4401(a) — for negotiating a check with a forged endorsement. A negligence claim

---

[15] Mot. – ECF No. 7 at 7–10.

[16] Opp'n – ECF No. 12 at 4–5.

adds an extra year to the statute of limitations, but that year does not matter here: the plaintiff contends that he had no reason to know of the forged endorsement until September 2023, less than a year before the plaintiff filed the lawsuit. The dispute thus may be academic. But in any event, there is support for the claim that a bank owes its depositor a duty of reasonable care in its transactions.

"The relationship between a bank and its depositor is not fiduciary in character but, rather, founded on contract, which is ordinarily memorialized by a signature card that the depositor signs upon opening the account." *Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal. App. 5th 952, 956 (2020) (cleaned up). "This contractual relationship does not involve any implied duty to supervise account activity or to inquire into the purpose for which the funds are being used." *Id.* (cleaned up). "Nevertheless, it is well established that a bank has a duty to act with reasonable care in its transactions with its depositors. The duty is an implied term in the contract between the bank and its depositor." *Id.* (cleaned up); *see Simi Mgmt. Corp. v. Bank of Am., N.A.*, 930 F. Supp. 2d 1082, 1100 (N.D. Cal. 2013) ( "In exercising reasonable care in the transaction context, a bank is under a duty to pay checks only in strict accordance with its customer's order. The bank is without authority to charge its customer's account with an unauthorized order.")

Wells Fargo points to the plaintiff's failure to identify any contract that gives rise to a duty. It then argues generally that the economic-loss doctrine forecloses extracontractual damages.[17] The plaintiff counters only with the argument that a bank has a duty to act with reasonable care in its transactions with its depositors because it is an implied term in the account agreement.[18] Thus, the parties seemingly agree that the duty is grounded in contract as an implied term in the parties' contract.

There is authority defining the duties that a bank owes to its account holders. *Kurtz-Ahlers*, 48 Cal. App. 5th at 955 (making this observation). That duty includes the duty to honor checks properly payable from the depositor's account and the duty to dishonor checks lacking required signatures. *Id.* at 956 (collecting cases). There are also cases where a bank may not owe a duty to a

---

[17] Mot. – ECF No. 7 at 7–10.

[18] Opp'n – ECF No. 12 at 5 (citing *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 543 (1993)). *Chazen* is the case cited in *Kurtz-Ahlers*, 48 Cal. App. 5th at 956.

ORDER – No. 24-cv-06171-LB                                7

depositor: for example, a duty to investigate and disclose possible fraudulent activity in another depositor's account. *Id.* at 956–57 (for example, no duty to inform a nondepositor of the bank's suspicions that a bank depositor was involved in a check-kiting scheme). Bank customers have duties too, such as a duty under the UCC to examine the account statement. Cal. Com. Code § 4406; Cal. Civ. Proc. Code § 340(c) (one-year statute of limitations).

Here, given the interplay with the discovery rule and the plaintiff's acknowledgement that the bank's duty of reasonable care with respect to transactions arises from an implied contractual duty, the claim for breach of duty stands. It involves issues of fact not resolvable at the pleadings stage.

As discussed at the hearing, to the extent that the plaintiff — despite his argument in his opposition — pleaded only a negligence claim, not a contract claim, this order does not foreclose Wells Fargo's future motion challenging a contract claim. Wells Fargo said that it would have attached the account agreement, which had a six-month deadline to raise the claim, to address the claim. Probably it would be better to postpone the challenge: presumably the UCC claim defines the limits of the bank's obligation under the contract, the plaintiff's case stands or falls on the statute of limitations, and this issue does not alter the scope of discovery or increase litigation costs.

## CONCLUSION

The court denies the motion to dismiss.

**IT IS SO ORDERED.**

Dated: October 31, 2024

LAUREL BEELER
United States Magistrate Judge